# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

Hon. Sarah F. Russell, U.S. District Judge

## STANDING PROTECTIVE ORDER

**1.**     **Application of Standing Order**

The following Order shall apply to information, documents, excerpts from documents, and other materials produced in this action pursuant to Federal and Local Rules of Civil Procedure governing disclosure and discovery. This Order applies only to those matters where all parties are represented by counsel.

**2.**     **Designation of Materials**

(a) Information, documents and other materials may be designated by the producing party in the manner permitted ("the Designating Person"). All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designation shall be either "CONFIDENTIAL" or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." This Order shall apply to Designated Material produced by any party or third-party in this action.

(b) For purposes of this order:

    (i) "CONFIDENTIAL" information means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (A) trade secrets, (B) proprietary business information, or (C) information implicating an individual's legitimate expectation of privacy.

    (ii) "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" information means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to the opposing party would create a substantial risk of serious harm to the designating party (including but not limited to harm of a competitive or commercial nature) that could not be avoided by less restrictive means.

(c) Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

(d) Deposition transcripts or portions thereof may be designated either:

(i) when the testimony is recorded, in which case the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 3(a) of this Order; or,

(ii) by written notice to all counsel of record, given within ten business days after the Designating Person's receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the ten business days, the deposition transcript shall be treated as designated.

(e) The parties must use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such.

(f) Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

3. **Restrictions on Designated Material**

(a) Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

(i) *Outside Counsel*: Designated Material, including material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to outside counsel of record for parties to this action and their associates, paralegals, and regularly employed office staff. For purposes of this section, "outside counsel" are attorneys who are not employees of any party.

(ii) *Parties*: Designated Material that is designated "CONFIDENTIAL" may be disclosed to parties to this action or directors, officers and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" may not be disclosed to the parties to this action, except as this order expressly otherwise provides.

(iii) *In-House Counsel*: Disclosure of HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Designated Material may be made to one or more designated "in-house" attorneys (i.e. attorneys who are an employee of the party) provided the identity and job functions of the in-house attorney(s) are disclosed to the producing party seven (7) days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure.

(iv) *Witnesses or Prospective Witnesses*: Designated Material, including material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to a witness or prospective witness in this action, but only for purposes

of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, but it may not be retained by the witness or prospective witness.

(v) *Outside Experts*: Designated Material, including material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to an outside expert for the purpose of obtaining the expert's assistance in the litigation.

(vi) *Other Persons*: Designated Material may be provided as necessary to copying services, translators, court reporters and litigation support firms.

(b) Prior to disclosing or displaying any Designated Material to any person, counsel shall inform the person of the confidential nature of the Designated Material and inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

(c) The confidential information may be displayed to and discussed with the persons identified in Paragraphs 3(a)(ii)-(vi) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in substantially the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court. Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

(d) A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

(e) Any party may employ Designated Material as a deposition exhibit, provided the deposition witness and all persons in attendance at the deposition are persons to whom the exhibit may be disclosed under paragraph 3(a) of this Order, the exhibit and related deposition transcript pages receive the same confidentiality designation as the original Designated Material.

**4.     Objections to Designations**

A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn. If the Designating Person does not agree to the redesignation within fifteen business days, the objecting party may apply to the Court for relief using the procedures set out on Judge Oliver's webpage at www.ctd.uscourts.gov for the resolution of discovery disputes. Upon any such application, the burden shall be on the Designating Person to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to

resolve the matter. The Court may award sanctions if it finds that a party's position was taken without substantial justification.

5. **Use of Designated Materials in Court Filings and at Trial**

    (a) Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public. Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law, including Rule 5(e) of the Local Rules of this Court. **This Protective Order does not provide for the automatic sealing of such Designated Material**. If it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal.

    (b) Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

6. **Treatment of Designated Materials After Final Termination of Action**

    Upon final termination of this action, all Designated Material and copies thereof shall be returned promptly (and in no event later than forty-five (45) days after entry of final judgment), returned to the producing party, or certified as destroyed to counsel of record for the party that produced the Designated Material, or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Designating Person. Alternatively, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed.

7. **Inadvertent Production and Privilege**

    (a) Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver.

    (b) If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith.

    (c) Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material.

(d) Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials.

(e) If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

6. **Other Orders and Rights Not Prejudiced**

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

7. **Modifications to Order**

The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

IT IS SO ORDERED.

/s/ *Sarah F. Russell* _____
United States District Judge

Rev. 1/6/25

# EXHIBIT A

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled_____
_____have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.


_____DATED:_____


Signed in the presence of:


_____(Attorney)