UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------X

| | |
|---|---|
| DWIGHT JERECZEK AND STANLEY ELLIOTT, individually and on behalf of all others similarly situated, | : : : : |
| *Plaintiffs*, | : : |
| - v - | : : |
| MBIA INC.; AMBAC FINANCIAL GROUP, INC.; AMBAC ASSURANCE CORPORATION; MBIA INSURANCE CORPORATION; NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION; | : : : : : |
| *Defendants*. | : : : |

Case No. 3:25-cv-00223-SFR

-------------------------------------------------------X

## JOINT RULE 26(F) DISCOVERY REPORT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rules 16(c) and 26(f), Plaintiffs Dwight Jereczek and Stanley Elliott ("**Plaintiffs**"), Defendants National Public Finance Guarantee Corporation, MBIA Inc., and MBIA Insurance Corporation (together, the "**National Defendants**"), and Ambac Financial Group, Inc. and Ambac Assurance Corporation (the "**Ambac Defendants**", and together with the National Defendants, the "**Defendants**"), referred to, collectively, as the "**Parties**," by and through their counsel, conducted meetings via Zoom conference on **July 2, 2025** and **July 7, 2025** to discuss the nature and basis of their claims and defenses; to discuss the possibility of a settlement; and to discuss disclosures and discovery.

Participating in the aforementioned meetings were John Mudd and Ralph Strzalkowski,

1

attorneys for Plaintiffs; Corey Brady, Intisarul Islam, and Alexis Ramsey, attorneys for the National Defendants; and John Hughes III and/or Alexa Savino, attorneys for the Ambac Defendants.

After meeting and conferring, the Parties were not able to come to an agreement. As such, their respective positions are set forth below.

**A.    Plaintiffs' Position**

There are motions to dismiss and for transfer to another Court but Plaintiffs believe discovery should start, especially with the initial disclosures.

Plaintiffs Discovery Plan:

Rule 26 disclosures in 14 days after filing of Rule 16 Conference Report (JULY 21, 2025)

No more than 30 days after the disclosures, written discovery on both class action and liability claims (AUGUST 20, 2025

No more than 30 days after written discovery is completed, new meeting to plan depositions will be had (OCTOBER 20, 2025)

Discovery should be completed no later than 8 months after disclosures are made (FEBRUARY 20, 2026)

Dispositive motions should be filed no later than 60 days after discovery is completed (APRIL 20, 2026)

PRETRIAL- for the Court to determine

B.   **Defendants' Position**

1)   **The Court Cannot Lawfully Grant the Discovery that Plaintiffs Seek, as This Case Must Be Transferred to Puerto Rico and the Court Does Not Have Jurisdiction over All Defendants.**

Defendants respectfully submit that the Court cannot lawfully exercise jurisdiction over Plaintiffs' discovery requests, and should instead either dismiss or transfer this case. All Defendants have already filed their motions to dismiss and motions to transfer (ECF Nos. 42, 43, 50-51), and Plaintiffs have already filed their opposition to Ambac's motions (ECF No. 57). The motion papers make clear that this case must be dismissed or transferred forthwith, as this Court lacks personal jurisdiction over the Ambac Defendants, National Public Finance Guarantee Corporation, and MBIA Insurance Corporation and is statutorily obligated to transfer the action to the District of Puerto Rico.

The case for immediate transfer is overwhelming. Plaintiffs' only response to Defendants' argument that this case must be transferred as falling within the "related to" jurisdiction of the Title III Court was that their asserted contractual rights "do not require interpretation or enforcement of the Plan." ECF No. 57 at 14. This is flatly contradicted by the Amended Complaint, which makes clear that Plaintiffs' core grievance is that the options they were given *under the Plan* were improper and breached their contract. *See, e.g.*, Am. Compl. ¶ 40 (alleging Defendants used their "role in the a Title III process" to create new obligations); ¶ 59 ("Under the guise of a Plan of Adjustment (the 'Plan'), approved by the U.S. District Court for the District of Puerto Rico, Defendants would no longer pay COFINA bondholders the full amounts due . . . ."); ¶ 64 ("Plaintiffs were then prevented from voting on the Plan of Adjustment as a Class."). The lawsuit is thus a frontal assault on the legality of a court-approved restructuring, which falls squarely within the broad "related to" jurisdiction of the Title III Court. Transfer is therefore mandatory, not discretionary, under 48 U.S.C. § 2166(d)(3). Even if transfer were not mandatory, Plaintiffs

do not dispute that Judge Swain expressly retained exclusive jurisdiction to interpret the Plan, which militates in favor of a discretionary transfer.

It would be improper for this Court to press forward with discovery before resolving the transfer motions. As the Federal Circuit has held, "it is 'not proper to postpone consideration of the application for transfer under § 1404(a) until discovery on the merits is completed.'" *In re Apple Inc.*, 52 F.4th 1360, 1362 (Fed. Cir. 2022) (issuing writ of mandamus directing "the district court . . . to postpone fact discovery and other substantive proceedings until after consideration of Apple's motion for transfer"). The situation here is even clearer. The *Apple* decision concerned a request for a discretionary transfer under 28 U.S.C. § 1404(a). This case involves 48 U.S.C. § 2166(d)(3), which states that the district court "shall transfer" any case related to Puerto Rico's restructurings to the Title III Court. Plaintiffs' request that *this* Court press forward with discovery would violate the congressional directive requiring all cases concerning Puerto Rico's bankruptcy to be heard by the Title III Court in Puerto Rico. Plaintiffs' discovery requests can be presented to that Court for decision.

Furthermore, Plaintiffs have failed to make out even a *prima facie* case of personal jurisdiction over Ambac, National Public Finance Guarantee Corporation, and MBIA Insurance Corporation, so the Court does not have jurisdiction to grant Plaintiffs' discovery requests. Plaintiffs concede that they are not Connecticut residents and thus are ineligible to bring their case here, but argue that "the proposed class will include Connecticut residents, as the alleged harm involves bonds purchased by residents of all 50 States." ECF No. 57 at 14. This argument fails for three reasons: (1) there is no allegation in the complaint that any Connecticut resident is a member of the putative class; (2) even if there were, Plaintiffs have no answer to Defendants' point that, in a class action, the named plaintiff must establish jurisdiction, not merely potential,

4

unnamed members of a class that may or may not be certified in the future, *see Yankovich v. Applus Techs., Inc.*, 621 F. Supp. 3d 269, 273 (D. Conn. 2022); and (3) Plaintiffs failed to point to any specific overt acts in furtherance of the purported conspiracy that occurred in Connecticut, as would be necessary for even a Connecticut resident to establish personal jurisdiction on this theory.

As the Court lacks personal jurisdiction over key Defendants and has a statutory obligation to transfer this suit, there is no basis for entertaining Plaintiffs' discovery requests or even requiring a full Rule 26(f) report at this stage. The case should be dismissed or transferred.

### 2)     Discovery Should Be Stayed Pending Resolution of the Defendants' Motions to Transfer and Dismiss.

Assuming *arguendo* that the Court had jurisdiction and were not obligated to transfer the case, Defendants believe that the Court should exercise its discretion to stay discovery pending resolution of outstanding motions, for several reasons.

***First***, during the parties' meet-and-confer on July 2, 2025, Plaintiffs' counsel expressed that he would not object, as a general matter, to a stay of discovery pending resolution of the motions to transfer and for dismissal. However, Plaintiffs' counsel did not consent to jointly seeking such a stay in this filing based on his belief that stays of discovery are categorically prohibited by the rules of this Court. That is not the case. *See generally* Local Rules. Thus, when this misunderstanding is cleared away, it appears the parties are fundamentally in agreement that a stay of discovery is warranted here.

***Second***, unique circumstances warrant a stay of discovery at this time. All Defendants have filed motions to transfer this action to the Title III Court in the District of Puerto Rico, which, as explained in those motions and above, is clearly the appropriate (and mandatory) forum for this dispute. *See* ECF Nos. 42 & 43. Those motions, which can be resolved as a matter of law, are currently pending and will soon be fully briefed. Pursuing discovery here before those motions

5

are resolved would be wasteful for the parties and this Court, particularly when if transfer is granted—as the Defendants believe it must and will be—further discovery would likely be stayed or even entirely mooted by decisions in the Title III Court. Indeed, the Title III Court may well have a different view than this Court regarding the appropriate scope of discovery, informed by the Title III Court's extensive experience with the COFINA restructuring. Pursuing discovery now risks inconsistent discovery rulings between this Court and the Title III Court following transfer.

*Third*, even assuming the case were not transferred to the Title III Court (though it should be), the Defendants have filed motions to dismiss the amended complaint in its entirety, which will both be fully briefed in less than a month. *See* ECF Nos. 42 & 50. The Defendants' motions to dismiss present numerous, independent grounds for dismissing this action as a matter of law, including lack of personal jurisdiction, lack of standing, res judicata, and failure to state a claim—each of which has a strong likelihood of success. As such, proceeding with discovery at this time (including likely discovery disputes) would be premature, unduly burdensome, and waste the parties' and the Court's resources.

*Finally*, because the Title III Plan that is at the center of Plaintiffs' claims was the product of confidential mediation ordered by the Title III Court, *see* COFINA Docket, ECF No. 560 at ¶¶ 99-102, mediation privilege will be a significant issue in any discovery in this action and is likely to lead to disputes that the Title III Court would be better-situated to resolve. As explained in the Defendants' motions to transfer, the Title III Court is intimately familiar with the complex COFINA case and the extensive mediation that led to its eventual resolution.

Meanwhile, a stay would impose no burden on the Plaintiffs. Plaintiffs waited almost **_6 years_** after confirmation of the COFINA Plan to bring their claims, so they cannot credibly claim that a stay to resolve threshold legal matters would now prejudice them. In fact, at the July 2nd

meet-and-confer, Plaintiffs' counsel represented they are in no hurry to pursue discovery, and that a discovery stay would be appropriate but for his mistaken belief that the local rules preclude it.

On the other hand, the burden on the Defendants of engaging in discovery now would be substantial. The COFINA restructuring was long, complicated, and involved numerous parties. Plaintiffs now attempt to effectively relitigate the whole process. If allowed to proceed, Plaintiffs would surely serve overbroad and unduly burdensome on the Defendants.

For all these reasons, the Defendants believe that discovery should be stayed pending resolution of the pending motions to transfer and to dismiss. To the extent necessary, this Court may thereafter schedule a time for the parties to file another Rule 26 report.

### 3) Plaintiffs' Discovery Plan Is Unrealistic.

If discovery is nonetheless allowed to proceed (and it should not be), the Defendants do not agree to Plaintiffs' discovery proposal above, which is unrealistic. Among other things, Plaintiffs appear to contemplate that the parties would complete written discovery within just 30 days of initial disclosures. That is an excessively short period to complete written discovery, and it does not allow for the possibility that document productions may give rise to follow-up requests. Plaintiffs also have not allowed any time for expert discovery, nor does their proposal include any schedule for Plaintiffs to submit a motion for class certification or for defendants to oppose it.

Similarly, Plaintiffs' discovery proposal also would require the parties to meet-and-confer regarding depositions just 30 days after the deadline to issue written discovery. By that time, the parties would have just served responses and objections to written discovery requests. The parties would not have had the chance to meet-and-confer regarding any discovery disputes or to engage in motion practice for issues that cannot be consensually resolved. Nor would the parties be in a position to negotiate custodians and search terms at that point, let alone make substantial document productions that would allow the parties to meaningfully discuss depositions.

Plaintiffs' proposed deadlines are simply too compressed, particularly given the complexity and length of the COFINA Title III case, which they are effectively attempting to relitigate in another court.

If the Court is nonetheless inclined to enter discovery deadlines at this time, then Defendants propose, as an alternative to Plaintiffs' schedule above, that initial disclosures and a proposed schedule be due 30 days after any decision or order of the Court fully resolving the pending motions to transfer and dismiss. Given Defendants' position that the entire case is barred by *res judicata* (and fails on the merits), it is impractical to submit a comprehensive discovery plan at this stage. In the event that some claim survives dismissal, the parties should then assess discovery needs in light of the scope of the surviving claim—which could include, for example, the extent of necessary expert discovery and whether Plaintiffs intend to seek class certification on the surviving claim.

If the Court is inclined to set a deadline for the completion of fact discovery at this time notwithstanding the issues discussed above, Defendants propose that the deadline be no earlier than June 18, 2026. If fact discovery were necessary in this case (it is not, as discussed above), it would be unusually complex. The parties would likely need motion practice regarding the extent to which mediation proceedings handled by the Title III Court are protected by mediation privilege, among other things, and there could be complex third-party discovery of other participants in the Title III proceedings.

### DISCUSSION OF POSSIBILITY OF SETTLEMENT

Pursuant to Fed. R. Civ. P. 26(f)(2) and Local Rules 16(c) and 26(f), the Parties discussed the possibilities for settlement of the case. The Parties agree that it is premature to engage in settlement discussions pending the Court's resolution of the Defendants' pending dismissal and

transfer motions. During the July 7, 2025 meet-and-confer, Plaintiffs agreed to provide detail regarding the nature and amount of alleged damages sought in this action in the coming days.

Respectfully submitted,

*/s/ Ralph Strzalkowski*
NATION'S COUNSEL PLLC
Ralph Strzalkowski (CT30234)
1500 K. Street NW, Suite 200
Washington, D.C. 20005
Telephone: (352) 262-9593
Email: rs@lawyeronwheels.org

*Counsel for Plaintiffs*

and

*/s/ John E. Mudd*

LAW OFFICES OF JOHN E. MUDD
John E. Mudd
P.O.BOX 194134
SAN JUAN, PR 00919-4134
Telephone (787)413-1673

*Counsel for Plaintiffs*

**WEIL, GOTSHAL & MANGES LLP**

By:   */s/ Robert Berezin*
Robert Berezin (admitted *pro hac vice*)
Intisarul Islam (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: robert.berezin@weil.com
intisarul.islam@weil.com

Corey Brady (admitted *pro hac vice*)
1395 Brickell Avenue
Suite 1200, Miami, FL 33131
Telephone: (305) 577-3225
Facsimile: (305) 374-7159
Email: corey.brady@weil.com

*Attorneys for National Public Finance Guarantee Corporation, MBIA Inc., and MBIA Insurance Corporation*

**FINN DIXON & HERLING LLP**

*/s/ David R. Allen*
David R. Allen
Six Landmark Square
Stamford, CT 06901
203-325-5000
Fax: 203-325-5001
Email: dallen@fdh.com

**MILBANK LLP**

*/s/ Atara Miller*
Atara Miller (admitted *pro hac vice*)
John J. Hughes, III (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10011
Telephone: (212) 530 5421
Email: amiller@milbank.com
      jhughes2@milbank.com

*Attorneys for Ambac Assurance Corporation and Ambac Financial Group, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all Parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

On this 7th day of July, 2025.

*/s/ Robert Berezin*
Robert Berezin